IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALAINA HENDERSON | § | |
| | § | |
| V. | § | A-13-CA-471-LY |
| | § | |
| KILLEEN INDEPENDENT SCHOOL | § | |
| DISTRICT, BY AND THROUGH ITS | § | |
| BOARD OF TRUSTEES, AND | § | |
| JACQUELINE LUNDY, IN HER | § | |
| INDIVIDUAL CAPACITY AND | § | |
| OFFICIAL CAPACITY AS POLICE | § | |
| OFFICER FOR KILLEEN | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Killeen Independent School District's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), filed on August 14, 2013 (Dkt. # 10);[1] Plaintiff's Response, filed on August 28, 2013 (Dkt. # 12); and Defendant's Reply, filed on September 4, 2013 (Dkt. # 14).  The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.   GENERAL BACKGROUND

Plaintiff Alaina Henderson ("Henderson"), a former high school student at Ellison High School, has brought this lawsuit under 42 U.S.C. § 1983 against Killeen Independent School District

---

[1] Defendant KISD's Motion to Dismiss also moved for sanctions against Plaintiff.  However, Defendant has since withdrawn the Motion for Sanctions.  *See* Defendant's Reply at p. 3 (Dkt. # 14).

("KISD") and Jacqueline Lundy ("Lundy"), in her individual and official capacities as a police officer for KISD.[2] Henderson alleges that Defendant Lundy, a police officer for KISD, used excessive force on her in violation of rights under the United States Constitution on two separate occasions. Specifically, on September 13, 2011, Henderson claims that after she finished cheerleader practice, she attempted to re-enter a school building where she was greeted by Lundy who refused to let her back in to the school because Henderson did not have her school ID with her. Henderson alleges that before she could retrieve her bag (with her school ID in it), Lundy "physically grabbed and assaulted Plaintiff" and then shoved her through heavy school doors. Henderson claims to have been injured and bruised as a result of this alleged use of force. Plaintiff's First Amended Original Complaint ¶ 14. Due to the incident, Henderson was suspended from school. On December 7, 2012, Henderson claims that Lundy used excessive force against her again, this time when Lundy attempted to break up a fight between some students. During the incident, Henderson alleges that Lundy "attacked and grabbed Plaintiff from behind by the hood attached to Plaintiff's sweatshirt" causing her to choke. Plaintiff's First Amended Original Complaint ¶ 19. Henderson further alleges that Lundy then confiscated her school ID and threatened to arrest her. Henderson was again suspended from school.

Based on these allegations, Henderson's § 1983 lawsuit alleges excessive force and state law claims for assault and battery against Lundy, in her official and individual capacities, as well as a § 1983 claim against KISD based on Defendant Lundy's conduct. KISD moves to dismiss, pursuant

---

[2]Originally, KISD, David Domiguez and Rico Corporal all jointly filed the instant Motion to Dismiss. See Dkt. # 10. Since the filing of the Motion to Dismiss, however, Plaintiff filed a Notice of Nonsuit and Motion to Strike, dismissing all claims against Defendants David Domiguez and Rico Corporal and seeking an order from the District Court to strike all references to Defendants David Domiguez and Rico Corporal in all pleadings. Dkt. # 15. On September 24, 2013, the District Court granted Plaintiff's Motion to Strike. Dkt. # 16. Thus, Defendants KISD and Jacqueline Lundy are the only defendants remaining in this lawsuit.

to Federal Rule of Civil Procedure 12(b)(6), arguing that Henderson has failed to allege sufficient facts to sustain a § 1983 cause of action against it.[3]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which

---

[3] Lundy has not joined in the instant Motion to Dismiss.

it rests. *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See *Id.* at 555 & n. 3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").

### III. ANALYSIS

A.   **School District Liability under 42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. "A municipality or other local government may be liable under this section if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). However, under § 1983, local governments are responsible only for "their *own* illegal acts," and "are not vicariously liable under § 1983 for their employee's actions." *Connick*, 131 S.Ct. at 1359 (internal citations omitted). Plaintiffs seeking to impose liability on local governments under § 1983 must prove that an official municipal policy caused their injury. *Id.* "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* See also, *Mc Conney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989) ("[A] a policy may be either a policy statement, ordinance,

regulation, or decision that is officially adopted and promulgated by the municipality's governing body (or by one or more officials to whom the governing body has delegated policy-making authority), or a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy.").

### B.      Plaintiff's § 1983 Claim against KISD

KISD argues that the Court should dismiss Henderson's § 1983 claim against it because Henderson has failed to show that KISD: (1) enacted an unconstitutional policy; (2) allowed a custom to develop through a continuous series of unconstitutional violations; or (3) failed to train its employees to the extent that such a failure constituted a deliberate indifference towards the constitutional rights of its students.  In Response, Henderson clarifies that she is not arguing that an express policy of KISD caused the violation of Henderson's constitutional rights; rather, she argues that KISD "either ignored or failed to respond adequately to a sufficient number of incidents to support an inference of acquiescence, encouragement or authorization of the conduct."  Plaintiff's Response at p. 6.  Thus, it appears that Henderson is arguing that KISD should be liable under § 1983 based upon a *pattern* of unconstitutional conduct.  It is not clear whether Henderson is still pursuing its failure to train theory, but the Court will also address this theory as well.

### 1.      Pattern of Unconstitutional Conduct

A plaintiff may prove the existence of a custom or policy by showing a pattern of unconstitutional conduct on the part of municipal actors or employees. *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 169 (5th Cir. 2010), *cert. denied*, 131 S.Ct. 3059 (2011). "A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Id.* "Sufficiently numerous prior incidents of police misconduct, for example, may tend to prove a

custom and accession to that custom by the municipality's policymakers. Isolated instances, on the other hand, are inadequate to prove knowledge and acquiescence by policymakers." *Mc Conney,* 863 F.2d at 1184; see also, *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995); *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984).

In support of her claim that KISD should be liable under § 1983 based upon a pattern of unconstitutional conduct, Henderson alleges that "Defendant Lundy attacked the same student on two separate occasions, without cause, and KISD, through its agents Corporal and Domiguez, ignored this pattern and failed to respond adequately." Plaintiff's Response at p. 6. As the Fifth Circuit has stated, "[w]here prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Peterson v. City of Fort Worth,* 588 F.3d 838, 850 (5th Cir. 2009) (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984), *cert. denied*, 131 S.Ct. 66 (2010)). Two isolated incidents clearly do not constitute a pattern of unconstitutional conduct sufficient to hold KISD liable under § 1983. *See Prince v. Curry*, 423 F. App'x 447, 451 (5th Cir. 2011) ("The existence of only one or, at most, two other similarly situated defendants does not suggest that Tarrant County has a policy or custom of unconstitutionally subjecting sex offenders to enhanced sentences. . . ."); *Yara v. Perryton Indep. Sch. Dist.,* 2013 WL 1497049, at * 4 (N.D. Tex. April 10, 2013) (finding that Red Ribbon Day which was assigned for just two days a year for two prior years at a single school could not constitute a "persistent, widespread practice."); *Vouchides v. Houston Cmty. Coll. Sys.*, 2011 WL 4592057, at * 12 (S.D. Tex. Sept. 30, 2011) ("[A] 'handful' of instances do not constitute a pervasive custom or practice.") (internal citation omitted).[4] Based upon the foregoing, Henderson

---

[4]In fact, the Fifth Circuit has held that even numerous incidents may not constitute a pattern to hold a municipality liable. *See e.g., Peterson,* 588 F.3d at 852 (holding that 27 incidents of excessive force between 2002 and 2005 did not suggest a pattern so common to constitute a

has failed to allege sufficient facts to demonstrate that KISD has a policy or custom of using excessive force on its students.

### 2. Failure to Train

In her complaint, Henderson also alleges that KISD is liable under § 1983 for its inadequate training of its police officers. It is not clear whether Henderson has abandoned this theory since she fails to mention the inadequate training claim in her Response to the Motion to Dismiss. However, in an abundance of caution, the Court will address whether Henderson has alleged sufficient facts to withstand the Motion to Dismiss with regard to this claim.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick*, 131 S.Ct. at 1359. It should be noted, however, that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.* In order to state a viable failure to train claim against a municipality, the failure to train must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id.* (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)). "[W]hen municipal policymakers are on actual or constructive notice that a particular omission in their training program causes municipal employees to violate citizens' constitutional rights, the municipal entity may be deemed deliberately indifferent if the policymakers choose to retain that program." *Connick*, 131 S.Ct. at 1360. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)).

---

municipal policy); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (finding that eleven incidents of unconstitutional searches did not constitute a pattern of illegality in a large police force).

Henderson has failed to allege any facts showing that there is a "pattern" of similar constitutional violations by untrained employees to demonstrate deliberate indifference on the part of KISD. As discussed above, Henderson merely contends that Defendant Lundy attacked her on two occasions. As the Fifth Circuit has stated "the existence of one or two prior incidents" does not show that a municipality was deliberately indifferent to defendant's rights or had a pattern of failing to train personnel. *Prince*, 423 F. App'x at 451-52. Henderson has also not alleged sufficient facts to show that KISD's training policy was inadequate or that the inadequate training policy directly caused the violations in question. *See Zarnow*, 614 F.3d at 170. In addition, Henderson's claim clearly does not fall into what the Supreme Court recently described as the extremely narrow category of claims where "the unconstitutional consequences of failing to train could be so patently obvious that a city [or other local government] could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick*, 131 S.Ct. at 1361 (describing the hypothetical possibility of a city being liable for failure to train police officers in the use of deadly force without a pre-existing pattern of similar violations). Accordingly, Henderson has failed to state a plausible § 1983 claim for relief against KISD based on a failure to train theory.

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant Killeen Independent School District's Motion to Dismiss (Dkt. #10) in its entirety and **DISMISS** all of Plaintiff Alaina Henderson's claims against Defendant Killeen Independent School District's Motion to Dismiss in this case.[5]

---

[5] If this Report and Recommendation is adopted, Defendant Jacqueline Lundy will be the only remaining defendant in this lawsuit.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE